Voto disidente emitido por el
Juez Asociado Señor Martínez Torres.
Disiento respetuosamente del curso seguido en la Resolución del Tribunal que precede. La sentencia parcial del Tribunal de Primera Instancia es contradictoria en varios *195 extremos y debemos revocarla. La desestimación incorrecta que decretó el foro primario, sin celebrar una vista evidenciaría como se esperaba, y la patente alegación de daño irreparable que hace Doral Financial, configuran los elementos necesarios para expedir el auto de certificación y preterir el trámite ante el foro apelativo intermedio. AMPR et als. v. Sist. Retiro Maestros IV, 190 DPR 854 (2014); Alvarado Pacheco y otros v. ELA, 188 DPR 594 (2013); Mundo Ríos v. CEE, 187 DPR 200, 206 (2012). La posibilidad de perder $239,000,000 de activos es indicio de un daño irreparable de patente intensidad.
La Sentencia Parcial del foro primario —Apéndice, pág. 47— indica que no tiene jurisdicción para atender la reclamación de este caso porque el vehículo de la sentencia declaratoria no permite ventilar controversias de hechos. Esa conclusión es incorrecta.
La sentencia declaratoria es un remedio que se dicta cuanto existe una controversia sustancial entre partes con intereses legales adversos con el propósito de disipar la incertidumbre jurídica. R. Hernández Colon, Derecho procesal civil, 5ta ed., San Juan, LexisNexis, 2010, See. 6001, pág. 560. La Regla 59.1 de Procedimiento Civil, 32 LPRA Ap. V, establece que el remedio de la sentencia declaratoria permite declarar derechos, estados y otras relaciones jurídicas, aunque existan otros remedios disponibles, y que tiene como efecto una decisión judicial sobre cualquier divergencia en la interpretación de la ley.
La Regla 59.2 de Procedimiento Civil, 32 LPRA Ap. V, establece que
[t]oda persona interesada en Tina escritura, un testamento, un contrato escrito u otros documentos constitutivos de contrato, o cuyos derechos, estado u otras relaciones jurídicas fuesen afectados por un estatuto, una ordenanza municipal, un contrato o una franquicia, podrá solicitar una decisión sobre cualquier divergencia en la interpretación o validez de dichos estatutos, ordenanzas, contrato o franquicia, y además que se dicte una declaración de los derechos, estados u otras relaciones jurídicas que de aquéllos se deriven. Un contrato podrá■ ser interpretado antes o después de haber sido infringido. (Énfasis suplido).
*196 La Resolución que este Tribunal emitió el 6 de junio de 2014 fue diáfana en establecer que era conveniente y necesario que el Tribunal de Primera Instancia celebrara una vista evidenciaría en o antes del 12 de junio de 2014. Ni las Reglas de Procedimiento Civil ni nuestra jurisprudencia en esa área prohíben que en una acción de sentencia declaratoria se adjudiquen hechos. Por ejemplo, en Delgado Rodríguez v. Rivera Siverio, 173 DPR 150 (2008), este Tribunal revisó la corrección de una sentencia declaratoria que atendía una controversia contractual, como en este caso. Una lectura detenida de esa Opinión revela que el foro primario dirimió controversias de hechos. Id. Véase, además, J. Cuevas Segarra, Tratado de derecho procesal civil, 2da ed., San Juan, Pus. JTS, 2011, T. V, pág. 1789.
En este caso no había ninguna razón válida para que el Tribunal de Primera Instancia se negara a recibir prueba. Por el contrario, nuestra Resolución señaló la necesidad de celebrar una vista evidenciaría. Tal parece que al foro primario le incomodó el calendario que este Foro sugirió. Véase Sentencia parcial, Apéndice, pág. 34.
Por otra parte, la Sentencia Parcial del Tribunal de Primera Instancia, —Apéndice, pág. 46— expresa que “no existe jurisprudencia federal o local que interprete la jurisdicción del Tribunal para decretar la validez del acuerdo contributivo [...]”. Al parecer, el foro primario olvidó que es un tribunal de jurisdicción general y podía entender en cualquier acción que presentara una controversia legítima. Clases A, B y C v. PRTC, 183 DPR 666, 686 (2011); Mun. Arecibo v. Mun. Quebradillas, 161 DPR 109, 114 (2004); Junta Dir. Cond. Montebello v. Fernández, 136 DPR 223, 230 (1994).
En este caso no se interesa revisar una determinación administrativa del Departamento de Hacienda. Este caso trata de determinar la invalidez de un contrato suscrito por las partes. Contrario a lo que expresa el foro primario, aquí no hay que dilucidar de novo la cantidad de un sobrepago o el examen de libros de Doral Financial. La See. *197 6051.07 del Código de Rentas Internas, 13 LPRA see. 33207, limita las circunstancias en las que se puede reabrir un acuerdo final, a saber, que se demuestre fraude, engaño o falseamiento de un hecho pertinente.
Obra en autos un Acuerdo Final entre el Departamento de Hacienda y Doral Financial que goza de una presunción de finalidad conforme la Sec. 6051.07, que establece:
(a) Facultad.—El Secretario o su representante autorizado queda facultado para formalizar un acuerdo por escrito con cualquier persona relacionado a la responsabilidad de dicha persona, o de la persona o sucesión a nombre de quien actúe, con respecto a cualquier contribución impuesta por este Código para cualquier período contributivo.
(b) Finalidad.—Dicho acuerdo, una vez formalizado, será final y concluyente y, excepto cuando se demostrare fraude o engaño, o falseamiento de un hecho pertinente:
(1) El caso no será reabierto en cuanto a las materias acordadas ni el acuerdo modificado por funcionario, empleado o agente alguno del Gobierno de Puerto Rico, y
(2) dicho acuerdo, o cualquier determinación, tasación, co-bro, pago, reducción, reintegro o crédito hecho de conformidad con el mismo, no serán anulados, modificados, dejados sin efecto o ignorados en litigio, acción o procedimiento alguno.
(c) Penalidades.—Las penalidades por violaciones con respecto a acuerdos finales están contenidas en la Sección 6030 de este título. 13 LPRA see. 33207.
Como dice la citada Sec. 6051.07, ningún funcionario puede anular, reabrir ni modificar el acuerdo unilateralmente. Para ello, primero tiene que demostrar que hubo fraude, engaño o falseamiento de un hecho pertinente. Por ende, es el Departamento de Hacienda quien tiene que probarlo. Eso solo se puede demostrar en un tribunal. No hay un procedimiento administrativo estatuido para eso que haya que agotar. Es un contrasentido remitir el caso al Departamento de Hacienda, que es una de las partes contratantes, para que determine si el contrato es válido. Eso es contrario al Art. 1208 del Código Civil, 31 LPRA see. 3373, *198 donde se establece que “OJa validez y el cumplimiento de los contratos no pueden dejarse al arbitrio de uno de los contratantes”. Le corresponde al Poder Judicial resolver la controversia contractual que presenta este caso. Adorno Quiles v. Hernández, 126 DPR 191 (1990).
En fin, en contra de nuestra insistencia al denegar la primera solicitud de certificación presentada, el Tribunal de Primera Instancia todavía no ha comenzado a recibir prueba para atender los méritos del caso. Aun así, en lugar de insistir en que el sistema de justicia funcione de manera rápida, justa y eficiente, hacemos caso omiso de nuestro pronunciamiento anterior y dejamos que el caso continúe por la vía larga mientras el daño posible se hace cada día más irreparable y la insolvencia de una institución financiera se hace cada día más inminente.
En esta etapa desconozco quién tiene razón en los méritos. Tampoco sé si el daño alegado es producto de las decisiones del Gobierno o de los actos de Doral Financial Corporation. De lo que sí estoy seguro es de que las razones que nos llevaron a expresar que el Tribunal de Primera Instancia debía dilucidar los méritos del caso cuanto antes hoy son más apremiantes que ayer, ante el tiempo que se perdió en esperar que el Tribunal de Primera Instancia emitiera una sentencia que no puede prevalecer. Mientras la prueba en el caso no ha comenzado a verse, en contra de lo que este Tribunal expresó, hoy este Foro concede más tiempo. El plazo que se tome el Tribunal de Apelaciones en decidir, por más corto que sea, es más tiempo que transcurre sin que se presente prueba.
A base de lo anterior, emitiría el auto de certificación, revocaría la sentencia del Tribunal de Primera Instancia y devolvería el caso a ese foro para que se reasigne a otro juez o jueza superior que lo atienda en sus méritos en un plazo breve.